UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | MAGISTRATE ACTION NO. H-10-1260 |
| | § | (SDNY-CR-10-557) |
| MAX MARTINEZ; aka CHICANO | § | |

**OPINION AND ORDER**

Pending before the Court are the United States of America's ("the Government") Notice of Appeal and Motion to Stay the Magistrate Judge's Order of Release (Doc. 7) and the Defendant Max Martinez's ("Martinez") Omibus Motion to Dismiss the United States' Notice of Appeal and Motion to Stay the Magistrate Judge's Order of Release (Doc. 9). Martinez was indicted in the Southern District of New York in case number 10-CR-557 (Doc. 1) and later arrested in the Southern District of Texas. After a detention hearing on January 4, 2011, before Magistrate Judge George C. Hanks, Jr., bail was set at $50,000. (Doc. 13.) On January 5, 2011, the Court held a hearing for *de novo* review of the magistrate judge's release order. (Doc. 14.) After careful review of the pending motions and the applicable law, the Court finds that the Government's motion should be granted and Defendant Martinez's bail revoked.

Martinez argues that the Court lacks jurisdiction to hear this matter pursuant to 18 U.S.C. § 3145(a)(1), which states:

> (a) Review of a release order.--If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
> The motion shall be determined promptly.

Martinez reads this to mean that the Government must file its appeal of the magistrate judge's release order in the Southern District of New York, the court he believes has "original jurisdiction over the offense." 18 U.S.C. § 3145(a)(1). Martinez cites *U.S. v. El Edwy*, 272 F.3d 149 (2nd Cir. 2001), and *U.S. v. Torres*, 86 F.3d 1029 (11th Cir. 1996), in support of this interpretation. Contrary to this view, in an unpublished opinion, *U.S. v. Johnson*, No. 96-4173, 1996 WL 711592 (6th Cir. Dec. 10, 1996), the Sixth Circuit held that the word "may" in the statute is permissive, and that therefore the "district court has jurisdiction to review a pretrial detention order issued by a magistrate judge within its jurisdiction, notwithstanding the fact that the charges may be pending in another jurisdiction." *Johnson*, 1996 WL 711592 * 4. Further, pursuant to 18 U.S.C. § 3231, "all the district courts have original jurisdiction over all offenses committed against the laws of the United States." *El Edwy*, 272 F.3d at 152. While the Fifth Circuit has not spoken, this Court finds the reasoning of the Sixth Circuit in *Johnson* and the dissent in *Torres* persuasive and chooses to follow them. Review of the magistrate judge's release order is therefore proper in this district.

As a matter of law and public policy, release of a defendant pending trial is generally favored. Pursuant to 18 U.S.C. § 3142(e)(3)(A), however, when there is probable cause to believe that a defendant has committed, *inter alia*, an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, where the maximum sentence is ten or more years' imprisonment, a rebuttable presumption arises that no conditions of release exist that will reasonably ensure the defendant's presence and the safety of the community. *U.S. v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992); *U.S. v. Hare*, 873 F.2d 796, 798 (5th Cir. 1992). Martinez was indicted for conspiracy to violate 21 U.S.C. § 841(a)(1). The controlled substances involved amounts in excess of five kilograms of cocaine and one kilogram of heroin, both in violation of 21 U.S.C.

§ 841(b)(1)(A). More specifically, the indictment alleges that in early 2009 Martinez participated in a conspiracy to send "approximately 200 kilograms of cocaine to Long Island, New York." (Doc. 1, ¶ 4.b.) The rebuttable presumption therefore applies to Martinez. While the presumption shifts to the defendant the burden of coming forward with rebuttal evidence, the burden of persuasion remains with the government. *Reuben*, 974 F.2d at 586.

At the hearing on January 5, 2011, the Court took the testimony of special agent William J. Kivlehan ("Kivlehan") of the U.S. Drug Enforcement Agency. Kivlehan testified that he heard Martinez's voice on intercepted telephone conversations regarding the delivery of $92,400 in drug proceeds and that he found a business card identifying Martinez as involved in "Used Car Sales" in a car in Atlanta, Georgia, from which approximately 30 kilograms of cocaine were recovered hidden in a secret compartment welded to a wheel. The Court also heard the testimony of Lucy Martinez, the Defendant's sister, who acknowledged that Martinez has a wife in the Dominican Republic and that he was on his way to visit her when he was arrested. For these reasons, the Court finds that the Defendant has not overcome the rebuttable presumption "that no condition or combination of conditions will reasonable assure" his appearance. 18 U.S.C. § 3142(e)(3).

Accordingly, the Court hereby ORDERS that the Government's Motion to Stay the Magistrate Judge's Order of Release (Doc. 7) is GRANTED.

The Court further ORDERS that Defendant Max Martinez's Motion to Dismiss the United States' Notice of Appeal (Doc. 9) is DENIED.

The Court further ORDERS that Defendant Martinez's bond set by Magistrate Judge Hanks is RESCINDED.

SIGNED at Houston, Texas, this 6th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE